UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN B. DUCHAINE IV,

    Plaintiff,

                                                  Civil Case No. 13-14876
v.                                             Honorable Patrick J. Duggan

AXA ADVISORS, LLC,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS

    Plaintiff filed this lawsuit in state court alleging various claims arising from his prior employment with Defendant. Defendant removed Plaintiff's Complaint to this Court on November 26, 2013, on the basis of diversity jurisdiction. Presently before the Court is Defendant's motion to compel arbitration and to dismiss, filed December 17, 2013.

    According to Defendant, it served Plaintiff with a copy of the motion via the Court's electronic filing system on December 17, 2013. This Court issued a notice to the parties the following day, indicating that the motion had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (e) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). Nevertheless,

Plaintiff has not responded to the motion.  On January 29, 2014, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendant's motion to compel arbitration and dismiss pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Factual Background

According to the Complaint, Plaintiff was a licensed "Financial Professional", employed by Defendant to sell life insurance annuities and various financial planning tools.  (Compl. ¶ 4.)  Plaintiff suffered from "back degeneration" which rendered him eligible for disability benefits through Defendant.  (*Id.* ¶¶ 6, 7.)  Since 2004, Defendant provided Plaintiff with a reasonable accommodation for his disability that enabled Plaintiff to retain his clients, employment, and benefits.  (*Id.* ¶ 10.)  Defendant promised to allow Plaintiff to continue his employment.  (*Id.* ¶ 11.)

On September 17, 2012, Defendant issued a "field bulletin" providing a "Policy for FP's on Extended Leave."  (*Id.* ¶ 16.)  Plaintiff inquired about the policy and its effects on his employment, but was assured that it did not impact him and that he was "grandfathered" in as an exception to the new policy.  (*Id.* ¶¶ 17, 18.)  Nevertheless, effective March 18, 2013, Defendant rejected Plaintiff's "Join practice agreement" which resulted in the termination of his license, client

appointments, registration, and lost wages with Defendant. (*Id.* ¶¶ 20, 21.)

Defendant indicates that during his employment with the firm, Plaintiff was a licensed financial professional registered with the Financial Industry Regulatory Authority ("FINRA"). (Def.'s Mot. Ex. A.) Plaintiff executed an application for securities industry registration. (*Id.* Ex. B.) In this application, Plaintiff contractually agreed to arbitrate claims against Defendant, a FINRA member, regardless of the current status of his license. (*Id.* at 4.)

## Applicable Law and Analysis

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2002) (quoting 9 U.S.C. § 2). The FAA reflects Congress' "declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 972, 941 (1983). A "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91, 121 S. Ct. 513, 522 (2000). The party resisting arbitration also bears the burden of establishing that Congress intended to preclude arbitration of the claims at issue. *Id.* at 92, 121 S. Ct. at 522.

Here, Plaintiff expressly agreed "to arbitrate any dispute, claim or controversy that may arise between [himself] and [his] firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organization with which [he] register[s]." (Def.'s Mot. Ex. B at 4.) Plaintiff was registered with FINRA. FINRA Code requires arbitration of a dispute that "arises out of the business activities of a member or an associated person and is between or among: Members; Members and Associated Persons; or Associated Persons." (*Id*. Ex. C.) A "member" is defined as

> Any broker or dealer admitted to membership in FINRA whether or not the membership has been terminated or cancelled; and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the CODE and/or to be treated as members of FINRA for purposes of the CODE, whether or not the membership has been terminated or cancelled.

(*Id*. Ex. D.)

Thus the Court finds that Plaintiff contractually agreed to arbitrate his pending claims against Defendant. Plaintiff has not set forth any reason why this Court should not enforce the Arbitration Agreement. The Court therefore concludes that Plaintiff's claims against Defendant are subject to arbitration and must be dismissed.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Compel Arbitration and Dismiss is **GRANTED**.

Dated: February 28, 2014         s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Gary S. Fields, Esq.
Colin M. Battersby, Esq.